```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIAM S. GRAY, AUTO PARTNERS,
LLC, SUNRISE AUTOMOTIVE, LLC d/b/a
SUNRISE TOYOTA & SUNRISE SCION

                    Plaintiff,
                                            MEMORANDUM & ORDER
          -against-                         10-CV-03081(JS)(ETB)

TOYOTA MOTOR SALES, U.S.A., INC.,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiffs:   David A. Rosenfeld, Esq.
                  Joseph Russello, Esq.
                  Samuel H. Rudman, Esq.
                  Robbins Geller Rudman & Dowd LLP
                  58 South Service Road, Suite 200
                  Melville, NY 11747

                  Jonathan Paul Whitcomb, Esq.
                  Diserio Martin O'Connor & Castiglioni LLP
                  One Atlantic Street, 8th Floor
                  Stamford, CT 06901

                  Scott M. Harrington, Esq.
                  Diserio, Martin, O'Conner & Castiglioni LLP
                  50 Main Street, Suite 1000
                  White Plains, NY 10606

For Defendant:    Carl J. Chiappa, Esq.
                  Nathaniel S. Boyer, Esq.
                  Hogan Lovells US LLP
                  875 Third Avenue
                  New York, NY 10022
```

SEYBERT, District Judge:

Pending before the Court is Defendant Toyota Motor Sales' ("Defendant" or "TMS") motion for attorneys' fees, costs,

and disbursements. (Docket Entry 33.) For the following reasons, this motion is GRANTED.

DISCUSSION

The facts of this case, with which the Court presumes the reader's familiarity, are detailed in the Court's August 25, 2011 Memorandum and Order granting TMS' motion to dismiss. See Gray v. Toyota Motor Sales, U.S.A., Inc., 806 F. Supp. 2d 619 (E.D.N.Y. 2011). TMS now moves to recover its attorneys' fees incurred in defending (1) Plaintiffs' claim under New York's Franchised Motor Vehicle Dealer Act (the "Dealer Act") and (2) Plaintiffs' seven other claims. The Court addresses these requests in turn.

I. New York's Franchised Motor Vehicle Dealer Act

In Dealer Act cases, the Court may award "necessary costs and disbursements plus a reasonable attorney's fee to any party." N.Y. VEH. & TRAF. L. § 469 ("Section 469"). As an initial matter, the parties dispute whether a fee award under this provision is mandatory or discretionary and, if it is discretionary, what standard the Court should apply in evaluating whether an award is appropriate. The Court rejects TMS' argument that it is automatically entitled to its fees because it prevailed in this action. (See Def. Br. 9.) A fee award under Section 469 is discretionary. See Aspen Ford, Inc. v. Ford Motor Co., Nos. 99-CV-5978, 01-CV-4677, 2007 WL 777739,

at *6 (E.D.N.Y. Mar. 12, 2007). If New York's legislature intended to make fee awards mandatory, it could have easily made them so. See, e.g., N.Y. C.P.L.R. 8601 (providing that in certain actions against the state, "a court shall award" fees to a prevailing party (emphasis added)). Similarly, the Court rejects Plaintiffs' view that the Court find that their case was frivolous before awarding TMS its legal fees. The legislature could have conditioned fees on a finding of frivolousness, but it did not. Compare N.Y. Veh. & Traf. L. § 469 with N.Y. Exec. L. § 297(10).

Having concluded that a fee award is neither mandatory nor dependent on a finding of frivolousness, the remaining question is whether an award is appropriate in this case. It is. The few cases to consider fees under Section 469 have either awarded them or, in one case, denied them for reasons not present here. See Sportique Motors, Ltd. v. Jaguar Cars, Inc., No. 00-CV-2037 (E.D.N.Y. July 16, 2003) (available at Docket Entry 35-3) (granting defendant its attorneys' fees); Gen. Motors Corp. v. Villa Marin Chevrolet, Inc., 240 F. Supp. 2d 182, 184 (E.D.N.Y. 2002) (awarding counterclaim defendants their attorneys' fees); Walters Motorcars v. Mazda Motors of Am., Inc., 169 Misc. 2d 737, 740, 647 N.Y.S.2d 683, 685 (Sup. Ct. Nassau Cnty. 1996); see also Aspen Ford, 2007 WL 777739, *6 (characterizing Section 469 as a "prevailing party" fee

provision and declining to award fees where a final order had not yet been entered). Plaintiffs cite a line from Villa Marin to argue that a defendant is only entitled to fees where the plaintiff's suit is "so plainly lacking in merit." (Pls. Opp. 8 (citing Villa Marin, 240 F. Supp. 2d at 184).) This line is dicta; the court there already concluded that the plaintiff had waived the argument and that, in any event, it was based on unpersuasive case law. Villa Marin, 240 F. Supp. 2d at 184. Although the Court stops short of finding that the present action was "plainly lacking in merit," it notes that it was not a particularly close case. See, e.g., Gray, 806 F. Supp. 2d at 624 (finding that one of Plaintiffs' arguments "border[ed] on sophistry"). The weight of the little authority there is supports a fee award here.

Plaintiffs' remaining arguments are unpersuasive. Plaintiffs argue that their Dealer Act claim was brought in good faith and the only reason that it was not successful was that Plaintiffs could not obtain Consumer Satisfaction Index data in discovery. (See Pls. Opp. 10.) But "[i]t is not permissible to file suit and use discovery as the sole means of finding out whether you have a case. Discovery fills in the details, but you must have the outline of a claim at the beginning." Gelfman Int'l Enters. v. Miami Sun Int'l Corp., No. 05-CV-3826, 2009 WL 2957849, at *4 n.5 (E.D.N.Y. Sept. 10, 2009) (quoting Szabo Food

4

Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1083 (7th Cir. 1987)). They also argue that a fee award would contravene the purpose of the Dealer Act because the law "sought to level the playing field" for car dealers. (Pls. Opp. 12.) Whatever the logic of this argument, "[w]ell-established principles of construction dictate that statutory analysis necessarily begins with the 'plain meaning' of a law's text and, absent ambiguity, will generally end there." United States v. Sabhnani, 599 F.3d 215, 255 (2d Cir. 2010) (quoting United States v. Venturella, 391 F.3d 120, 125 (2d Cir. 2004)). In this case, "any party" means just that. N.Y. VEH. & TRAF. L. § 469.

## CONCLUSION

For the foregoing reasons, Defendant's motion for attorneys' fees is GRANTED. Within thirty days, Defendant shall file its fee application on ECF as a "motion for attorneys' fees." Plaintiffs shall have thirty days from the date of Defendant's application to make objections.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   September 17, 2012
         Central Islip, New York

5