UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WILLIAM S. GRAY, AUTO PARTNERS,
LLC, SUNRISE AUTOMOTIVE, LLC d/b/a
SUNRISE TOYOTA & SUNRISE SCION,

               Plaintiffs,                  <u>MEMORANDUM & ORDER</u>
                                              10-CV-3081(JS)(ETB)

   -against-

TOYOTA MOTOR SALES, U.S.A., INC.,

               Defendant.
----------------------------------------X

APPEARANCES
For Plaintiffs:      David A. Rosenfeld, Esq.
                     Joseph Russello, Esq.
                     Samuel H. Rudman, Esq.
                     Robbins Geller Rudman & Dowd LLP
                     58 South Service Road, Suite 200
                     Melville, NY 11747

                     Jonathan Paul Whitcomb, Esq.
                     Diserio Martin O'Connor & Castiglioni LLP
                     One Atlantic Street, 8th Floor
                     Stamford, CT 06901

                     Scott M. Harrington, Esq.
                     Diserio Martin O'Connor & Castiglioni LLP
                     50 Main Street, Suite 1000
                     White Plains, NY 10606

For Defendant:      Carl J. Chiappa, Esq.
                     Nathaniel S. Boyer, Esq.
                     Hogan Lovells US LLP
                     875 Third Avenue
                     New York, NY 10022

SEYBERT, District Judge:

        Currently pending before the Court is Defendant Toyota Motor Sales' ("Defendant" or "TMS") motion for attorneys' fees, costs, and disbursements (<u>See</u> Docket Entries 46 & 47). In

connection with this motion, Defendant also moved for leave to file a reply memorandum of law (Docket Entry 52) and Plaintiffs William S. Gray ("Gray"), Auto Partners, LLC ("Auto Partners"), and Sunrise Automotive, LLC d/b/a Sunrise Toyota and Sunrise Scion ("Sunrise" and collectively, "Plaintiffs") moved for leave to file a sur-reply (Docket Entry 53). The Court has considered the parties' briefs, including the reply and sur-reply and accordingly, those motions are GRANTED. For the following reasons, Defendant's motion for attorneys' fees is GRANTED IN PART.

BACKGROUND

The Court presumes familiarity with the facts of this case, which are detailed in the Court's August 25, 2011 Memorandum and Order granting Defendant's motion to dismiss. See Gray v. Toyota Motor Sales, U.S.A., Inc., 806 F. Supp. 2d 619 (E.D.N.Y. 2011). Briefly, Plaintiffs were the owners and operators of Sunrise, a franchised Toyota Dealer. At base, Plaintiffs alleged that Defendant unreasonably withheld its consent to two prior sales, ultimately forcing Plaintiffs to sell Sunrise for less than at least what one buyer was willing to pay.

Plaintiffs asserted eight claims: (1) breach of the Dealer Agreement between Sunrise and Defendant; (2) breach of the implied covenant of good faith and fair dealing; (3)

2

tortious interference with contract; (4) tortious interference with a prospective economic advantage; (5) negligence; (6) fraud; (7) violation of New York's Franchised Motor Vehicle Dealer Act (the "Dealer Act"); and (8) violation of the Day in Court Act.

Defendant moved to dismiss, and after the Court granted its motion, moved for attorneys' fees, costs, and disbursements (Docket Entry 33). The Court granted Defendant's motion on September 17, 2012 (the "September Order," Docket Entry 45). In the September Order, the Court noted that Defendant moved to recover its attorneys' fees incurred in defending against Plaintiffs' claims under the Dealer Act and in defending against Plaintiffs' seven other claims. (September Order at 2.) The Court went on to hold that, although attorneys' fees under the Dealer Act are discretionary, as opposed to mandatory, Defendant here was entitled to attorneys' fees. (September Order at 2-4.)

## DISCUSSION

Defendant now seeks $253,980.75 in attorneys' fees and $1,370.26 in costs. These amounts represent Defendant's fees in defending against all of Plaintiffs' claims. The Court will first address whether Defendant is entitled to fees in defending against all of Plaintiffs' claims or just regarding the Dealer

3

Act only before turning to the amount of fees and costs requested.

I. <u>Plaintiffs' Claims are Interrelated</u>

Defendant seeks attorneys' fees incurred in litigating against all of Plaintiffs' claims. Although it acknowledges that the Dealer Act provides the only authority for attorneys' fees, Defendant asserts that Plaintiffs' claims were so interrelated that attorneys' fees for the litigation as a whole are appropriate. The Court agrees.

The case law in this area is relatively sparse, and the parties seem to agree that <u>General Motors Corp. v. Villa Marin Chevrolet, Inc.</u>, 240 F. Supp. 2d 182 (E.D.N.Y. 2002) is particularly instructive. There, General Motors Corporation ("GM") sought attorneys' fees pursuant to the Dealer Act, while Argonaut sought attorneys' fees pursuant to a contractual provision. <u>Id.</u>, at 184-85. The court noted that "[t]he principal difficulty in calculating the proper fees to be awarded in this action stems from the fact that the state statute upon which GM rests its fee request applies only to some of the claims and counterclaims in the litigation." <u>Id.</u> at 185. In order to sort out this difficulty, the court looked to the principle, established by the Supreme Court, that where there are some successful claims, and other unsuccessful claims distinct from those on which the party seeking attorneys' fees

4

succeeded, the court should exclude the unsuccessful claims from the lodestar analysis. Id. at 187 (citing Hensley v. Eckerhart, 461 U.S. 424, 434-35, 103 S. Ct. 1933 (1983)). Conversely, the Supreme Court held that where the claims are interrelated because they "involve a common core of facts" or are "based on related legal theories," fees should generally be awarded for the litigation as a whole. Hensley, 461 U.S. at 435.

Ultimately, though, the court in General Motors did not definitively answer whether cases involving Dealer Act claims in addition to other claims would necessarily mean that the claims were interrelated. Rather, the parties there voluntarily proposed their own reduction in fees, which the court found reasonable. Gen. Motors Corp., 240 F. Supp. 2d at 190. In so holding, though, the court did find that the claims were interrelated, and made a point to say that "a good argument can be made that all of the reasonable fees and expenses charged to both GM and Argonaut are potentially recoverable by both of them because all of the claims in all of the actions, whether they involve GM or Argonaut or both, are interrelated . . . ." Id.

Here, a good argument can, and has been made, that the claims are interrelated. Initially, the Court notes that Plaintiffs, not Defendant, chose to bring multiple causes of action, several of which the Court determined were duplicative.

5

See Gray, 806 F. Supp. 2d at 624 (finding Plaintiffs' claims for breach of covenant of good faith and faith dealing to be duplicative of their breach of contract claim); id. at 625 (finding Plaintiffs' negligence claim to be "wholly premised on a contractual duty"). Moreover, the Court ultimately dismissed Plaintiffs' Dealer Act claims in part based upon the same reasoning and analysis that it dismissed Plaintiffs' breach of contract claim. For example, the Court characterized Plaintiffs' breach of contract claim as "essentially [resting] on arguments that Defendant's considering the Proposed Dealers' CSI [i.e., consumer satisfaction index] scores in determining whether to bless the proposed sales was either (1) per se unreasonable or (2) a pretext for an unspecified ulterior motive." Id. at 623. The Court went on to say that "[o]n the first point, the Court rejects Plaintiffs' bald assertion that a CSI rating is not an acceptable reason to withhold consent." Id. Later, when addressing Plaintiffs' claim pursuant to Section 466 of the Dealer Act, the Court stated that "[a]s discussed already, imposing a CSI threshold is not a per se unreasonable restriction on a dealer's right to transfer his franchise and, without more, Plaintiffs' allegations do not state a claim for relief." Id. at 627.

Such analysis makes clear that Plaintiffs' claims are based upon a "common core of facts." All of Plaintiffs' claims

essentially pertain to Defendant's withholding consent to particular sales due to the proposed purchaser's CSI rating, which Plaintiffs claim was a pretext. See Fleming v. MaxMara USA, Inc., No. 06-CV-6357, 2010 WL 1629705, at *12 (E.D.N.Y. Apr. 21, 2010) ("I conclude that plaintiff's claims here, while premised on different grounds for relief, arise from a common core of facts and are not so 'distinctly different' that an award of attorneys' fees to defendant would be warranted."); Tran v. Tran, 166 F. Supp. 2d 793, 803 (S.D.N.Y. 2001) (finding that claims were interrelated because facts giving rise to all of the claims were the same); Alnutt v. Cleary, 27 F. Supp. 2d 395, 403 (W.D.N.Y. 1995) ("There can be little doubt that plaintiff's claims involved a common core of facts and were based on related legal theories and that much of counsel's time was devoted generally to the litigation as a whole" (internal quotation marks and citation omitted)). Accordingly, the claims here are interrelated and Defendant is entitled to recover for time spent on all of the claims.

II. Amount of Attorneys Fees

"Attorney's fees must be reasonable in terms of the circumstances of the particular case . . . ." Alderman v. Pan Am. World Airways, 169 F.3d 99, 102 (2d Cir. 1999). In determining what fees are "reasonable," the Court should "first calculate the 'lodestar--the product of a reasonably hourly rate

and the reasonable number of hours required by the case,' which the Second Circuit calls the 'presumptively reasonable fee.'" Short v. Manhattan Apartments, Inc., 286 F.R.D. 248, 255 (S.D.N.Y. 2012) (quoting Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)). This calculation "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation omitted). "Because attorney's fees are dependent on the unique facts of each case, the resolution of this issue is committed to the discretion of the district court." Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992).

A. Reasonable Hourly Rate

In determining the reasonable hourly rate, the Court must look to those rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (internal quotation marks omitted) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). The relevant "community" for the purposes of this analysis is "the district in which the court sits." Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983).

Although this "forum rule" creates a presumption of reasonableness, this presumption is rebuttable. See Simmons, 575 F.3d at 173 ("According to the forum rule, courts 'should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 493 F.3d 110, 119, (2d Cir. 2007)). "In order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." Id. at 175. Furthermore, "[i]n determining whether a litigant has established such a likelihood, the district court must consider experience-based, objective factors," such as "counsel's special expertise." Id. at 175-76.

Defendant argues that it has overcome the presumption of the forum rule, justifying higher, out-of-district rates, because "TMS reasonably determined that it needed to hire counsel with specialized expertise in motor vehicle franchise law to defend this action." (Def.'s Mot. for Fees, Docket Entry 47, at 3 (citing Goldman Decl. ¶ 4 & Chiappa Aff. ¶¶ 25-28).) The only evidence Defendant offers to rebut the forum rule is in-house counsel's understanding, based upon her experience in the field, that there are few law firms that specialize in the

9

field of motor vehicle franchise law and that none of those firms have offices in the Eastern District of New York. (Goldman Decl. ¶ 3.) This, however, is insufficient.

"The party seeking the award must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." Simmons, 575 F.3d at 176. Although Defendant makes this assertion, there is no evidence to support it. In cases where the court has found the presumption rebutted, the party seeking fees has offered proof such as unsuccessful efforts to find in-district counsel. See, e.g., Harvey v. Home Savers Consulting Corp., No. 07-CV-2645, 2011 WL 4377839, at *4 (E.D.N.Y. Aug. 12, 2011) (over 100 law firms were contacted, but those with necessary experience and resources were unable to serve as counsel); Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., No. 07-CV-3208, 2010 WL 3925195, at *3 (E.D.N.Y. Sept. 9, 2010) (client affirmed that it had tried, and failed, to find in-district counsel), adopting report & recommendation as modified 2010 WL 3924674 (E.D.N.Y. Sept. 30, 2010); c.f. Barkley v. United Homes, LLC, No. 04-CV-0875, 2012 WL 3095526, at *6 (E.D.N.Y. July 30, 2012) ("A mere citation to a recent case from the Eastern District of New York and a

statement that counsel in the Eastern District of New York could not be located, without more, does not satisfy the Simmons requirement of a 'particularized showing' that in-district counsel were unable or unwilling to help plaintiffs."). Here, Defendant did not even attempt to find in-district counsel.

Likewise, Defendant has not made a particularized showing that in-district counsel would produce a substantially inferior result. Barkley, 2012 WL 3095526, at *7 (plaintiffs presented no specific evidence that in-district counsel would have been inferior); Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp., 749 F. Supp. 2d 81, 90 (E.D.N.Y. 2010) ("Plaintiffs provide no specific information which would establish that local counsel with the requisite experience were unwilling or unable to take the case, or alternatively, no in-district counsel possessed such experience."). Thus, even though Defendant consented to the higher rates, the Court does not find that the forum rule presumption has been rebutted. See Trudeau v. Bockstein, No. 05-CV-1019, 2008 WL 3413903, *6 (N.D.N.Y. Aug. 8, 2008) (the fact that client actually assented to the rates is a consideration, but not dispositive).

Accordingly, the Court will award Defendant fees in accordance with the forum rule. Courts in the Eastern District of New York have determined reasonable hourly rates to be

"approximately $300-450 per hour for partners[1], $200-300 per hour for senior associates, and $100-200 per hour for junior associates." Hugee v. Kimso Apartments, L.L.C., 852 F. Supp. 2d 281, 298-99 (E.D.N.Y. 2012) (internal quotation marks and citation omitted); accord Cadles of Grassy Meadows II, L.L.C. v. St. Clair, No. 10-CV-1673, 2012 WL 6617448, at *2 (E.D.N.Y. Dec. 18, 2012).

Here, Defendant seeks fees for Carl Chiappa and John Sullivan, partners in the Motor Vehicle Franchise Practice Group, Paul Werner, who was a senior associate during this litigation, and junior associates Nathaniel Boyer and David Michaeli. Mr. Chiappa graduated from New York University School of Law in 1978 and has been practicing in the area of automobile franchise for over 30 years. (Chiappa Aff. ¶ 15.) Mr. Sullivan is a 1980 graduate of New York University School of Law and "has worked on dozens of motor vehicle franchise cases over the past 15 years." (Chiappa Aff. ¶ 21.) Mr. Werner was a senior associate, who has since become partner, who graduated from

---

[1] Defendant offers some case law finding rates as high as $480 per hour for partners. (Def.'s Mot. for Fees at 5 (citing Libaire v. Kaplan, No. 06-CV-1500, 2011 WL 7114006, at *3 (E.D.N.Y. June 17, 2011).) This Court, though, has generally held $450 an hour to be at the top of the range, absent considerations not present here. See Cuevas v. Ruby Enters. of N.Y., Inc., No. 10-CV-5257, 2013 WL 3057715, at *2 (E.D.N.Y. June 17, 2013) (JS)(WDW); Cadles of Grassy Meadows II, L.L.C., 2012 WL 6617448, at *2; see also Gen. Motors, 240 F. Supp. 2d at 188 (awarding partners rates of $315 at the beginning of the case and $375 at the end of the case).

Vanderbilt University Law School in 2002. (Chiappa Aff. ¶ 17.) Mr. Boyer and Mr. Michaeli are junior associates who graduated from Benjamin N. Cardozo School of Law and Columbia Law School, respectively, in 2009. (Chiappa Aff. ¶¶ 18, 23.)

Although the Court has declined to apply higher out-of-district rates, counsels' experience in the field and Defendant's relationship with counsel and the firm justifies rates at the high end of what courts in this district have awarded. See Barkley, 2012 WL 3095526 at *7 ("Given the extensive experience of plaintiffs' attorneys and the complexity of the litigation, the court finds that application of hourly rates at the high end of these ranges is appropriate."). Thus, the Court awards fees of $450 an hour for partners Chiappa and Sullivan, $300 an hour for senior associate Werner, and $200 an hour for junior associates Boyer and Michaeli.

B. Number of Hours

In calculating the number of "reasonable hours," the Court must look to its own familiarity with the case and its experiences generally as well as to any evidentiary submissions and arguments made by the parties. See Clarke, 960 F.2d at 1153. The main issue is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). Thus, a court should "exclude hours that were excessive,

redundant, or otherwise unnecessary to the litigation." Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (internal quotation marks and citation omitted).

Discovery in this case spanned approximately a year and Plaintiffs put forth eight separate causes of action. Moreover, Defendant has reduced by 50% its time spent on work for both TMS and TMC. (Chiappa Aff. ¶ 10.) Defendant also is not requesting fees for paralegals. (Chiappa Aff. ¶ 11.) Thus, Defendant's requested number of hours spent working on this case is reasonable.

With respect to the Rule 11 motion, Defendant acknowledges that it ultimately decided not to file the motion. (Chiappa Aff. ¶ 7.) Plaintiffs therefore assert that hours spent in researching and drafting the motion should be excluded from Defendant's overall award. The Court disagrees.

In retrospect the Rule 11 motion may have been unnecessary to the litigation, but at the time it was not unreasonable. (See Chiappa Aff. ¶ 7 ("Our activities included repeated attempts to persuade Plaintiffs to discontinue this action, on the ground that it had no factual or legal merit, so as to minimize fees and expenses incurred by all parties. In connection with that effort, we drafted a Rule 11 motion.").) In any event, defense counsel affirms that the work on the Rule 11 motion was not for naught since they used the Rule 11 motion

14

as a first draft of their motion for fees and expenses. (Chiappa Aff. ¶ 7.)

C. Plaintiffs' Additional Arguments

As the Court has significantly reduced the amount of the fee, the Court need not address Plaintiffs' additional arguments for reduction. However, the Court will briefly address Plaintiffs' argument that they do not have the financial means to satisfy a fee award and that any fee granted should be awarded as against Sunrise only. (Pls'. Opp. Br., Docket Entry 50, at 13-14.)

Plaintiffs are correct that, at times, courts have noted the equitable nature of attorneys' fees and considered a party's financial ability to pay an award of fees. See Shangold v. Walt Disney Co., 275 F. App'x 72, 74 (2d Cir. 2008); Nature's Enters., Inc. v. Pearson, No. 08-CV-8549, 2010 WL 447377, at *11 (S.D.N.Y. Feb. 9, 2010). However, in support of their argument that "Gray's financial condition makes a substantial fee award unfeasible" (Docket Entry 50 at 14), Plaintiffs offer proof only of a number of judgments that have been entered against Gray. Wholly lacking from their submission on this point is proof that Gray cannot pay those judgments or that an additional award of attorneys' fees against Gray would subject him to financial

ruin[2]. See Shangold, 275 F. App'x at 74 (affirming reduction of attorneys' fees based on financial statements showing assets, expenses, and income); Gary Friedrich Enters., LLC v. Marvel Enters., Inc., No. 08-CV-1533, 2010 WL 3452375, at *3 (S.D.N.Y. Sept. 1, 2010) (concern about other judgments does not necessarily mean that plaintiffs cannot satisfy court judgment in this case); Mariani v. Banat Realty, No. 86-CV-2895, 1993 WL 86530, at *1 (E.D.N.Y. Mar. 18, 1993) (directing defendant to submit an affidavit describing financial assets, liabilities, income, and expenses).

Accordingly, the Court finds that an award of attorneys' fees in favor of Defendant and against all Plaintiffs is warranted, in the total amount of $150,050.[3]

D. Costs

Finally, Defendant seeks $1,370.26 in costs and disbursements. (Chiappa Aff. ¶ 2.) These costs include expenses such as printing, postage, and discovery vendor costs.

---

[2] Furthermore, in granting Defendant attorneys' fees, the Court made the following statement: "Although the Court stops short of finding that the present action was 'plainly lacking in merit,' it notes that it was not a particularly close case." (September Order at 4.)

[3] This fee represents Chiappa's time of 131.9 hours at $450 an hour for a total of $59,355; Sullivan's time of 9.1 hours at $450 an hour for a total of $4,095; Werner's time of 73.7 hours at $300 an hour for a total of $22,110; Boyer's time of 302.15 hours at $200 an hour for a total of $60,430; and Michaeli's time of 20.3 hours at $200 an hour for a total of $4,060.

(Chiappa Aff. ¶ 30.)  The Court finds these expenses to be reasonable, and accordingly Defendant's motion for costs and disbursements in the amount of $1,370.26 is GRANTED.

CONCLUSION

For the foregoing reasons, Defendant's motion for leave to file a reply memorandum of law and Plaintiffs' motion for leave to file a sur-reply are GRANTED.  Additionally, Defendant's motion for attorneys' fees is GRANTED IN PART.  Defendant is awarded $150,050 in attorneys' fees and $1,370.26 in costs and disbursements.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July   16  , 2013
         Central Islip, NY